UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MEI LORIK a.k.a. MEI GAGNE, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 1-13-cv-314 |
| | ) |
| v. | ) |
| | ) |
| ACCOUNTS RECOVERY | ) |
| BUREAU, INC., | ) |
| | ) |
| And | ) |
| | ) |
| WRIGHT & LERCH, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**COMPLAINT FOR DAMAGES**

**AND**

**DEMAND FOR TRIAL BY JURY**

NOW COMES the Plaintiff, Mei Lorik a.k.a. Mei Gagne ("Plaintiff"); by and through her attorney, Ryan R. Frasher, of The Frasher Law Firm, P.C.; for her Complaint against Accounts Recovery Bureau, Inc. ("ARB" or "Defendant"), and Wright & Lerch ("WL" or "Defendant"), and respectfully shows the Court as follows:

**I.        INTRODUCTION**

1. This complaint is filed pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; Conversion under the Indiana Crime Victim Relief Act, I.C. §34-24-3-1; and the Indiana Deceptive Consumer Sales Act, I.C. §24-5-0.5 *et seq.*; for the unlawful collection practices of Defendants.

2. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasion of individual privacy. *Congressional Findings and Declaration of Purpose 15 U.S.C. §§ 1692*.

3. It is the purpose of the Fair Debt Collection Practices Act (FDCPA) to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *Congressional Findings and Declaration of Purpose 15 U.S.C. §§ 1692*.

4. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce. *Congressional Findings and Declaration of Purpose 15 U.S.C. §§ 1692*.

## II. JURISDICTION & VENUE

5. This Court has jurisdiction under the FDCPA pursuant to 15 U.S.C § 1692k(d).

6. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

7. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Venue is proper before this Court pursuant to 28 U.S.C. §1692k(d) and 28 U.S.C. §1391(b) where the acts and transactions giving rise to Plaintiff's

action occurred within this district and where Defendants conduct business in this district.

### III. PARTIES

9. Plaintiff is an adult citizen of the State Pennsylvania.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

11. Defendant ARB is a foreign Corporation with its principal place of business in Pennsylvania located at 645 Penn St., Suite 401, Reading, PA 19601.

12. Defendant WL is a debt collection law firm with its principal place of business in Indiana at 2001 Reed Road, Ft. Wayne, IN 46815.

13. At all times relevant, both Defendants were engaged in the business collecting "debt" from Plaintiff as that term is defined by 15 U.S.C. §1692a(5) here in the Southern District of Indiana.

14. Defendants are "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

15. Defendants are in the business collecting delinquent consumer debts.

16. Defendants use the mail and interstate telephone system to conduct business.

### IV. FACTUAL ALLEGATIONS

17. Defendants have been attempting to collect, from Plaintiff, a consumer debt that was discharged under section 727 of title 11 of the United States Bankruptcy Code.

18. On or about November 26, 2008, Defendants filed a complaint action against the Plaintiff; cause number 49K02-0811-SC-8303. Plaintiff was never properly served and Plaintiff unaware of this action until about May of 2012.

19. On or about June 16, 2010, the debt at issue was discharged in a Chapter 7 Bankruptcy.

20. ARB was provided notice of such via a "Certificate of Notice" dated June 16, 2010. *See attached Exhibit A*.

21. Defendants caused Plaintiff's two US Bank accounts, checking and savings, to be garnished in the total amount of about $6,355.69.00 on or about May 21, 2012 . *See attached Exhibit B.*

22. Plaintiff was without the funds in the amount of about $6,355.69.00 from May 21, 2012 until July 2, 2012.

23. Plaintiff had to borrow money from her mother to meet her rent payment, car payment, day to day expenses and her business travel expenses to continue to work.

24. This caused embarrassment and emotional distress where Plaintiff had to borrow money from her mother.

25. Despite having notice of discharge of debt, Defendants continued to litigate the case in Decatur Township in bad faith and violation of the FDCPA.

26. Additionally, despite Plaintiff's request through her Attorney of the underlying Decatur County Small Claims Action (49K02-0811-SC-8303) ("Small

Claims Case"), Defendants' would not immediately return the funds taken from her US Bank accounts.

27.     Next, Defendants acts or omissions caused the Small Claims Case to be set for a proceeding supplemental hearing an August 30, 2012 in Decatur Township to which Plaintiff was forced to defend.

28.     Plaintiff's Attorney in the Smalls Claims Case continually asked that the Defendants to dismiss the Decatur County Small Claims action because such debt was discharged in a Chapter 7 Bankruptcy. Said attorney provided proof of the discharge to WL.

29.     Plaintiff's Attorney in the Smalls Claims Case had to file a motion for continuance of the proceeding supplemental set on August 30, 2012 because Defendants would not dismiss the Small Claims Case.

30.     Pursuant to state, local and common practice of Marion County, an attorney shall ask opposing counsel whether he or she objects to a motion for continuance of a hearing.

31.     Despite, WL being put on notice of the discharge by a fellow officer of the court, WL "[did] not have a position on the Motion" on whether the August 30, 2012 proceeding supplemental hearing should be continued. *See attached Exhibit C*.

32.     That is, WL would not agree to a continuance of the proceeding supplemental hearing.

33. Defendants continued to refuse to dismiss the underlying case despite knowing the debt was discharged.

34. In the summer of 2012, the office of WL informed Plaintiff's Attorney of the Small Claims Case that the Decatur County Small Claims case would be dismissed.

35. Defendants have failed to cause the Small Claims Case to be dismissed as of the date of this filing, as Plaintiff still has a judgment against her in the Small Claims Case in the amount of $7,370.28, plus court costs and interest.

36. Defendants have failed to set aside the illegally obtained judgment.

37. Defendants continue to violate the State and Federal law despite receiving notice that the debt was discharged in a bankruptcy.

38. Defendants continue to violate the law despite a fellow officer of the court informing them that the debt was discharged in a bankruptcy.

39. Defendants have had numerous opportunities to address the issue with the Small Claims Case and have failed to do so.

40. Defendants have a pattern in practice of violating the FDCPA.

41. Defendants' acts or omissions arise to the level of wanton and willful conduct warranting punitive damages.

**V.     Count I - FDCPA**

42. Plaintiff realleges and incorporates herein the allegations of the above paragraphs and claims in this pleading and are incorporated as if fully rewritten herein.

43. § 1692f(1) - Defendants have attempted to collect debt which Defendants are not permitted to collect by law.

WHEREFORE, Plaintiff, an individual, demands judgment against Defendants, for damages, together with interest, costs and attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

**VI  Count II – Conversion under the Indiana Crime Victim Relief Act, I.C. §34-24-3-1**[1]

44. Plaintiff realleges and incorporates herein the allegations of the above paragraphs and claims in this pleading and are incorporated as if fully rewritten herein.

45. Plaintiff suffered a pecuniary loss as a result of the conversion where she was without funds in the amount of about $6,355.69.00 from May 21, 2012 until July 2, 2012.

46. At eight percent interest per annum, this represents a pecuniary loss of approximately $68.29 for the period of time Plaintiff was without use of her money.

47. Pursuant to the Indiana Crime Victim Relief Act, Plaintiff is entitled to treble damages, cost of this action and reasonable attorney fees.

---

[1] "Unlike in a criminal trial, a claimant need prove by only a preponderance of the evidence that the defendant committed the criminal act. Id. A conviction of conversion is not a condition precedent to recovery in a civil action brought under the crime victim's relief act, id., but the claimant must prove all the elements of the criminal act." *Larson v. Karagan*, 979 N.E.2d 655, 661 (Ind. Ct. App. 2012)

WHEREFORE, Plaintiff, an individual, demands judgment against Defendants, for damages, treble damages, together with interest, costs and attorney's fees pursuant the Indiana Crime Victim Relief Act, I.C. §34-24-3-1.

**VII    Count III - Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5-3-20**

48. Plaintiff realleges and incorporates herein the allegations of the above paragraphs and claims in this pleading and are incorporated as if fully rewritten herein.

49. The purposes and policies of this statute are to: protect consumers from suppliers who commit deceptive and unconscionable sales acts; and encourage the development of fair consumer sales practices. I.C. 24-5-0.5-3.

50. At all times material hereto, the Defendant(s) collecting or attempting to collect a debt owed or due, or asserted to be owed or due, to another person is a "consumer transaction" as said term is defined under the Indiana Statute 24-5-0.5-2(1).

51. At all times material hereto, Plaintiff is a "person" as said term is defined under the Indiana Statute 24-5-0.5-2(2).

52. At all times material hereto, WL is a "supplier" as said term is defined under the Indiana Statute 24-5-0.5.2(3)(C).

53. At all times material hereto, ARB is a "supplier" as said term is defined under the Indiana Statute 24-5-0.5.2(3)(C).

8

54. At all times material hereto, the debt that defendants were attempting to collect, is "debt" as said term is defined under the Indiana Statute 24-5-0.5-2(14).

55. At all times material hereto, ARB is a "debt collector" as said term is defined under the Indiana Statute 24-5-0.5-2(15).

56. At all times material hereto, WL is a "debt collector" as said term is defined under the Indiana Statute 24-5-0.5-2(15).

57. Defendants willfully committed unfair or deceptive acts or practices in violation of the Indiana Deceptive Consumer Sales Act I.C. 24-5-0.5 where Defendants violated the FDCPA.

58. As a result of the above violations of the Indiana Deceptive Consumer Sales Act, Defendants are liable to the Plaintiff for actual damages actually suffered or five hundred dollars ($500), whichever is greater. I.C. 24-5-0.5.4(a)

59. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: three (3) times the actual damages of the consumer suffering the loss; or one thousand dollars ($1,000). I.C. 24-5-0.5.4(a)(1) and (2).

WHEREFORE, Plaintiff, an individual, demands judgment against Defendants, for damages, together with interest, costs and attorney's fees pursuant to I.C. 24-5-0.5, and for such other and further relief as justice may require.

## VII. RELIEF REQUESTED

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and grant the following relief:

a. Declare that each Defendant violated the FDCPA, the Indiana Crime Victim Relief Act, and the Indiana Deceptive Consumer Sales Act;

b. Order Defendants to set aside the judgment of the Small Claims Case and dismiss the case with prejudice;

c. Interest on converted funds;

d. Trebeled actual damages of $204.87;

e. Statutory damages from WL's for violation of the FDCPA, and Indiana Deceptive Consumer Sales Act in the amount of two thousand dollars ($2,000.00);

f. Statutory damages from ARB's for violation of the FDCPA, and Indiana Deceptive Consumer Sales Act in the amount of two thousand dollars ($2,000.00);

g. Punitive damages in the amount of five thousand dollars ($5,000) from WL;

h. Punitive damages in the amount of five thousand dollars ($5,000) from ARB;

i. Attorney's fees, litigation expenses and costs of suit; and

j. Grant all proper and just relief.

## VII. DEMAND FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests a jury trial on all issues deemed so triable.

Respectfully submitted,

*s/ Ryan Frasher*
Ryan Frasher (#27108-49)
The Frasher Law Firm, P.C.
450 Barrister Building
155 East Market Street
Indianapolis, IN 46204
Phone: 317-634-5544
Fax: 317-630-4824
Email: rfrasher@frasherlaw.com